**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL AUSBIE, et al., | Case No.: 1:15-cv-01784 - AWI - JLT |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFFS' MOTIONS TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT WITHOUT LEAVE TO AMEND |
| v. | |
| JUDGE LOUIE VEGA, et al. | |
| Defendants. | |

Plaintiffs Michael Ausbie and Kamela Nichols seeks to proceed *pro se* and *in forma pauperis* with an action against Judge Louie Vega; social workers Tiffany Shaw, Carrie Burton, and Dena Murphy; public defenders Kathy Furlong and Peter Kang; County Counsel Theresa Goldner; and Deputy County Counsel Jennifer Feige.  (Doc. 1)  Because Plaintiffs are unable to state claim upon which relief may be granted by this Court, it is recommended that Plaintiffs' motions to proceed *in forma pauperis* be **DENIED** and the complaint be **DISMISSED** without leave to amend.

**I.     Motion to Proceed In Forma Pauperis**

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee.  28 U.S.C. § 1914(a).  However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  Therefore, an action may proceed despite a failure to prepay the filing fee only if

leave to proceed *in forma pauperis* ("IFP") is granted by the Court.  *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir. 1999).

The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of an informa pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963)).  In addition, the Court has broad discretion to grant or deny a motion to proceed IFP.  *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Weller, 314 F.2d at 600-01*.  In making a determination, the court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities."  *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D.R.I. 1984).

Here, the Court recommends Plaintiffs' applications to proceed IFP be denied because, as discussed below, the complaint fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2).

## II.     Screening Requirement

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. 1915(e)(2).  A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III.    Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 678 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**IV.     Plaintiff's Allegations and the Relief Requested**

Plaintiffs allege arguing that the state court erred in removing the children from their care on July 6, 2014. (Doc. 1 at 2) According to Plaintiffs, Mr. Ausbie is "a Secured party Creditor" under

3

the state of Colorado, and the defendants "did not provide evidence of law under penalty of perjury that gave the Court authority to subject [his] person /and property . . . to be prosecuted in their court."[2] (*Id.* at 1)  Further, Plaintiffs contend that unidentified "[d]ocumetns were not signed by a Judge [o]r Referee so that makes them not legally binding, valid, or enforceable." (*Id.*)  Plaintiffs seek the return of their children, as well as an award of $20 million dollars for public embarrassment, mental anguish, pain and suffering.  (*Id.* at 2)

**V.      Discussion and Analysis**

Plaintiffs challenge the ability of the state court to remove their children from their care and seek judicial review of that decision.  Importantly, however, under the *Rooker-Feldman* doctrine, a party may not seek appellate review in federal court of a decision made by a state court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The Ninth Circuit explained,

> Typically, the *Rooker-Feldman* doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the losers' federal rights.

*Doe v. Mann*, 415 F.3d 1038, 1041-42 (9th Cir. 2005); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (the *Rooker-Feldman* doctrine precludes a district court from appellate review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceeding commenced . . .").  Accordingly, the district court lacks jurisdiction over "claims . . . 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (citing *Feldman*, 460 U.S. at 483, 485)).

The Ninth Circuit has determined that the *Rooker-Feldman* doctrine bars federal review of state court decisions regarding children, including custody decisions and child dependency proceedings.

---

[2] The Court notes that in recent weeks, Mr. Ausbie has filed other lawsuits based, primarily, upon on these same grounds. *Ausbie v. T.R. Merickel, et al.*, Case No., 1:15-cv-01785-AWI-JLT; *Ausbie v. Bakersfield Municipal Court, Traffic Division*, Case No. 15-cv-01784. The Court has found these claims to be frivolous.  Plaintiff is advised that if he continues to file frivolous claims, the Court will declare him to be a vexatious litigant and bar him from proceeding in this Court unless he prepays the Court fees.

*See, e.g., Moore v. County of Butte,* 547 Fed. Appx. 826, 829 (9th Cir. 2013) (finding a plaintiff's claims challenging the outcome of her child custody proceedings were properly dismissed); *Lacy-Curry v. Alameda Cnty Soc. Servs. Agency,* 262 Fed. Appx 9, 10 (9th Cir. 2007) (where all of the plaintiff's claims against a county social services agency, its workers, and a state court "relate[d] to a series of state court child dependency proceedings," the *Rooker-Feldman* doctrine precluded review of claims related to the proceedings because the plaintiff was "clearly a state court loser complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced, and she [was] inviting district court review and rejection of those judgments"); *see also Ignacio v. Judges of U.S. Court of Appeals,* 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming the district court's dismissal of the case "because the complaint is nothing more than another attack on the California superior court's determination in [the plaintiff's] domestic case"). Accordingly, the Court is unable to grant Plaintiffs the relief requested under the *Rooker-Feldman* doctrine.

## VI.     Findings and Recommendations

A plaintiff should be granted leave to amend when the deficiencies of the complaint can be cured by amendment. *Lopez*, 203 F.3d at 1130. In light of the *Rooker-Feldman* doctrine, Plaintiffs are unable to state a claim upon which relief can be granted. Accordingly, leave to amend to amend would be futile. *Lopez*, 203 F.3d at 1130 (dismissal of a *pro se* complaint for failure to state a claim is proper where it is obvious that the plaintiff cannot prevail on the facts alleged).

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1. Plaintiffs' motions to proceed in forma pauperis (Docs. 3 and 4) be **DENIED**;
2. Plaintiffs' Complaint be **DISMISSED WITHOUT LEAVE TO AMEND**; and
3. The Clerk of Court be DIRECTED to close the action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these findings and recommendations, Plaintiffs may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Plaintiffs are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

   Dated:   **December 23, 2015**           **/s/ Jennifer L. Thurston**
                                                       UNITED STATES MAGISTRATE JUDGE